| | |
|---|---|
| 1 | Michael S. Kun (SBN 208684) |
| 2 | Kevin D. Sullivan (SBN 270343) |
|   | EPSTEIN BECKER & GREEN, P.C. |
| 3 | 1925 Century Park East, Suite 500 |
| 4 | Los Angeles, CA 90067 |
|   | Telephone: (310) 556-8861 |
| 5 | Facsimile: (310) 553-2165 |
| 6 | mkun@ebglaw.com |
| 7 | ksullivan@ebglaw.com |
| 8 | Attorneys for Defendants |
| 9 | AMERICAN MEDICAL RESPONSE, |
|   | INC.; AMERICAN MEDICAL |
| 10 | RESPONSE WEST; and GLOBAL |
| 11 | MEDICAL RESPONSE, INC. |

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHYN BOYD, | Case No.: 2:25-cv-04725 |
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(D)** |
| vs. | |
| AMERICAN MEDICAL RESPONSE, INC., a California corporation; AMERICAN MEDICAL RESPONSE WEST, a California corporation; GLOBAL MEDICAL RESPONSE, INC., a Colorado corporation; and DOES 1-50, inclusive, | **[CLASS ACTION FAIRNESS ACT OF 2005]** |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants American Medical Response, Inc. ("AMRI"), American Medical Response West ("AMR West"), and Global Medical Response, Inc. ("GMR"), contemporaneously with the filing of this notice, are effecting the removal of this action – *Nathyn Boyd v. American Medical Response, Inc., et al.* – from the Superior Court of the State of California for the County of Santa Barbara ("State Court Action") to the United States District Court for the Central District of California.  Jurisdiction is invoked pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, in that (i) the number of members of the proposed plaintiff class in the aggregate is more than 100, (ii) Plaintiff Cheyenne Post is a citizen of a state different than AMRI, and (iii) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

## I.   PLEADINGS, PROCESS AND ORDERS

1. On April 16, 2025, Plaintiff commenced this action against Defendants in the Superior Court of the State of California, County of Santa Barbara.  The action is entitled *Nathyn Boyd v. American Medical Response, Inc., et al.*, and was assigned case no. 25CV02367.  True and correct copies of the original complaint that was served upon Defendants on April 23, 2025 are attached hereto collectively as **Exhibit 1**.  True and correct copies of the summons and related initial documents that were served upon Defendants on April 23, 2025 are attached hereto collectively as **Exhibit 2**.

2. Exhibits 1 and 2 constitute all of the process, pleadings and orders served on Defendants in the State Court Action.

3. On May 22, 2025, Defendants filed and served their answer in the State Court Action.  Attached as **Exhibit 3** is a copy of the answer, which constitutes all of the pleadings and other papers served by Defendants in the State Court Action.

## II. BASIS FOR REMOVAL

4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and this action is one that may be removed to the United States District Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1332(d), 1441 and 1453 in that this case is a purported class action in which there are more than 100 putative class members, it is between citizens of different states, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

5. CAFA was enacted to expand federal jurisdiction over purported class actions. It provides that a purported class action may be removed in accordance with 28 U.S.C. § 1446 if: (a) membership in the putative class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d), 1453(b).

6. As explained more fully below, this Court has original jurisdiction under CAFA over all claims brought by Plaintiff, on behalf of himself and all putative class members. Because Plaintiff could have been filed the action in this Court, Defendants may remove the action pursuant to 28 U.S.C. § 1441.

7. As also explained below, this Court has supplemental jurisdiction over the claims Plaintiff has brought under California's Private Attorneys General Act ("PAGA") pursuant to 28 U.S.C. § 1367(a), which provides that federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." That is the case here because Plaintiff's PAGA claims are so related to her individual and class claims that they form part of the same case or controversy.

### A. Size of the Proposed Class

8. CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members.

9. Plaintiff seeks to represent "all individuals who are or previously were employed by American Medical Response, Inc., American Medical Response West and/or Global Medical Response, Inc. in California, including any employees staffed with American Medical Response, Inc., American Medical Response West and/or Global Medical Response, Inc. by a third party, and classified as non-exempt employees . . . at any time during the period beginning three (3) years prior to the filing of this Complaint [on April 16, 2025] and ending on the date as determined by the Court . . . ." (Compl., ¶ 7.)

10. AMR West has employed at least 5,225 non-exempt employees in California since April 16, 2022. (Sullivan decl., ¶ 2.) Accordingly, the putative class has more than 100 members.

### B. Citizenship

11. CAFA's requirement that any one member of the proposed class be a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)) is also satisfied here.

12. Plaintiff avers that he "was hired by DEFENDANT in California on or about March 14, 2022," and he worked in Santa Barbara County. (Compl., ¶¶ 5, 15.) Plaintiff's payroll records confirm he worked for AMR West in the State of California from March 2022 until May 2024. (Sullivan decl., ¶ 3.) His personnel file reflects a home address in California throughout his employment. (*Id.*) These facts are indicia of Plaintiff's California citizenship. *Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have changed."); *CarMax Auto Superstores CA LLC v.*

*Hernandez*, 94 F. Supp. 3d 1078, 1091, fn. 38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state"); *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (noting that the factors relevant to domicile determination include residence and place of employment); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) (observing "that the party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change").

13. "In determining whether there is diversity of citizenship between corporate parties, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002) (internal citations omitted).

14. AMRI is a corporation formed under the laws of Delaware and has its principal place of business in Texas. (RJN, Ex. A; Sullivan decl., ¶ 4.)

15. GMR is a corporation formed under the laws of Delaware and has its principal place of business in Texas. (RJN, Ex. B; Sullivan decl., ¶ 5.)

16. For these reasons, the requirements for minimal diversity jurisdiction are met because Plaintiff on the one hand and AMRI and GMR on the other are citizens of different states.

### C. Amount In Controversy

17. A notice of removal need only provide a "'plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). As the Ninth Circuit has explained, "the amount in controversy is not limited to damages incurred prior to removal." *Chavez v.*

*JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018). "Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414–15.

18. In his Complaint, Plaintiff alleges, *inter alia*, that he and the putative class members he seeks to represent suffered overtime, meal period, rest period, waiting time, and wage statement violations of the California Labor Code. (Compl., 22:24–31:9.) Based on these alleged violations, Plaintiff seeks to recover allegedly unpaid overtime, meal period premiums, rest period premiums, statutory penalties, and actual damages, in addition to attorneys' fees and costs. (*Id.*, ¶¶ 64, 68, 70, 73 81.)

19. CAFA's requirement that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, is satisfied here. Although Defendants dispute liability and damages, the damages that Plaintiff claims for himself and the putative class far exceed $5,000,000. Moreover, **Plaintiff expressly alleges that "amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is more than five million dollars ($5,000,000.00)."** (Compl., ¶ 16 (emphasis added, capitalization original).)

20. The amount in controversy on Plaintiff's waiting time claim under Labor Code section 203 alone far exceeds $5,000,000. Because Plaintiff's claim for waiting time penalties is derivative of his claims for failing to pay all overtime, minimum wage, meal period premiums, and rest period premiums that Plaintiff contends were due, it is reasonable to assume a 100% violation rate for his section 203 claim. That is, "because it is more likely than not that putative class members each suffered one meal and one rest break violation per week, then Defendants' 100 percent wage statement violation rate against each terminated class member is reasonably supported by the evidence." *Wicker v. ASC Profiles LLC*, No. 2:19-cv-02443-TLN-KJN, 2021 WL 1187271, at *4 (E.D. Cal. Mar. 30, 2021); *accord*

*Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1028–29 (C.D. Cal. 2017) (using a 100% violation rate – i.e., all former employees – for waiting time penalties); *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB(KKX), 2016 WL 2593912, at *3 (C.D. Cal. May 5, 2016) (concluding that a 100% waiting time penalty rate: "It is not unreasonable to assume that every non-exempt employee terminated during the statutory period would have experienced at least one violation – and therefore would not have been paid certain wages due"); *Giannini v. Northwestern Mutual Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) ("Defendants can properly assume that all members of the former employee subclass were entitled to maximum waiting time penalties under Labor Code section 203.").

21. For AMR West, there have been approximately 5,225 non-exempt employees who have worked in California whose employment ended at any time since April 16, 2022. (Sullivan decl., ¶ 2.) The average base rate of pay for AMR West's non-exempt employees in California has been $28.79 since approximately April 16, 2021. (*Id.*) Assuming these employees normally worked an 8-hour shift on average, **Plaintiff has placed more than 36,000,000 in controversy in connection with his claim for waiting time penalties with respect to AMR West alone.**[1]

22. Even were an assumed 100% violation rate not reasonable despite Plaintiff's allegations supporting such a rate, a conservative 15% violation rate on Plaintiff's waiting time claim alone would exceed CAFA's $5,000,000 threshold. And this does not take into account the amounts that Plaintiff has placed in controversy on his overtime, minimum wage, meal period, rest period, and wage statement claims.

---

[1] 30 days (maximum statutory penalty under Cal. Lab. Code § 203) x 8 hours per day x ($28.79 average base rate of pay for non-exempt employees of AMR West x 8 hours) x 5,225 former non-exempt employees of AMR West = $36,102,660.

23. If challenged to do so by Plaintiff or this Court, Defendants can and will present evidence to establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum of $5,000,000. *Dart Cherokee*, 574 U.S. at 87 (explaining that a removing defendant need only present a short and plain statement of the grounds for federal jurisdiction in its removal papers and need not present evidence to establish the amount in controversy until challenged to do so).

### D. Supplemental Jurisdiction of Plaintiff's PAGA Claim

24. In relevant part, 28 U.S.C. § 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

25. Where, as here, a plaintiff's PAGA claims and class claims arise out of a common nucleus of alleged operative facts, the Court should exercise supplemental jurisdiction over the plaintiff's PAGA claims. *Harvey v. Morgan Stanley Smith Barney LLC*, 2022 WL 3359174, at *1 (9th. Cir. Aug. 15, 2022); *id.* ("The PAGA claim was part of the 'same case or controversy' as the class claims brought under the jurisdiction of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).").

26. In his PAGA cause of action, Plaintiff alleges that the "policies, acts and practices heretofore described" concerning his individual and class claims "were and are an unlawful business act or practice because DEFENDANT (a) failed to provide PLAINTIFF and the AGGRIEVED EMPLOYEES accurate itemized wage statements, (b) failed to properly record and provide legally required meal and rest periods, (c) failed to pay overtime wages, and (d) failed to provide wages when due . . . ." (Compl., ¶ 86.) As there can be no genuine dispute here that Plaintiff's PAGA claims and class claims arise out of a common nucleus of alleged operative facts, the Court should exercise supplemental jurisdiction over the PAGA claims.

## III. TIMELINESS OF REMOVAL

This notice of removal is being timely filed within 30 days of April 23, 2025, the date on which the summons and complaint were served upon Defendants.

DATED: May 23, 2025              EPSTEIN BECKER & GREEN, P.C.

By: */s/ Kevin D. Sullivan*
Michael S. Kun
Kevin D. Sullivan

Attorneys for Defendants
AMERICAN MEDICAL RESPONSE, INC.; AMERICAN MEDICAL RESPONSE WEST; and GLOBAL MEDICAL RESPONSE, INC.