Exhibit 1

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
4/16/2025 3:52 PM
By: Terri Chavez , Deputy

Erik B. Feingold (SBN 168566)
Monique L. Fierro (SBN 304210)
MYERS, WIDDERS, GIBSON, JONES & FEINGOLD, LLP
39 N. California Street | Ventura, California 93001
P: (805) 644-7188 | F: (805) 644-7390
mfierro@mwgjlaw.com | efeingold@mwgjlaw.com

Erin R. Ezra (SBN 275780)
BERGER KAHN, A Law Corporation
1 Spectrum Pointe Drive, Suite 340, Lake Forest, California 92630
P: (949) 614-0100 | F: (949) 771-1922
eezra@bergerkahn.com

Attorneys for Plaintiff Nathyn Boyd

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA BARBARA

| | |
|---|---|
| NATHYN BOYD <br><br> Plaintiff <br><br> v. <br><br> AMERICAN MEDICAL RESPONSE, INC., a California corporation, AMERICAN MEDICAL RESPONSE WEST, a California corporation, GLOBAL MEDICAL RESPONSE, INC., a Colorado corporation, and DOES 1-50, Inclusive, <br><br> Defendants. | Case No.:  25CV02367 <br><br> **CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:** <br><br> 1. Violation of Bus. & Prof. Code  §§ 17200, et seq.; <br> 2. Overtime Violations: Labor Code § 510; <br> 3. Meal Period Violations: Labor Code §§ 226.7 & 512; <br> 4. Rest Period Violations: Labor Code §§ 226.7 & 512; <br> 5. Wage Stub Violations Labor Code § 226; <br> 6. Failure to Pay Wages Owed: Labor Code §§ 201, 202 & 203; and <br> 7. Civil Penalties: Labor Code § 2699, et. seq., §§ 210, 218, 221, 226(a), 226.7, 227.3, 246, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802 <br><br> **DEMAND FOR JURY TRIAL** |

Nathyn Boyd ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following.

## THE PARTIES

1.     Defendant American Medical Response, Inc. is a California corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.     Defendant American Medical Response West is a California corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California, and in the County of Santa Barbara.

3.     Defendant Global Medical Response, Inc. is a Colorado corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

4.     American Medical Response, Inc., American Medical Response West and Global Medical Response, Inc. were the joint employers of PLAINTIFF as evidenced by paycheck and by the company PLAINTIFF performed work for respectively, and are therefore jointly responsible as employers for the conduct alleged herein, and are therefore collectively referred to herein as ("DEFENDANT").

5.     DEFENDANT owns and operates emergency medical services in California.

6.     PLAINTIFF was hired by DEFENDANT in California on or about March 14, 2022. PLAINTIFF was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked. PLAINTIFF is an African American male, a member of a protected class under state and federal law.

7.     PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by American Medical Response, Inc., American Medical Response West and/or Global Medical Response, Inc. in California, including any employees staffed with American Medical Response, Inc., American Medical Response West and/or Global Medical Response, Inc. by a third party, and classified as non-exempt

employees (the "CALIFORNIA CLASS") at any time during the period beginning three (3) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is likely over five million dollars ($5,000,000.00).

8.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due to PLAINTIFF and the other members of the CALIFORNIA CLASS. DEFENDANT's unlawful conduct deprived PLAINTIFF and other similarly situated employees of their legal rights, dignity, and equal treatment in the workplace, creating a hostile work environment and causing harm, including but not limited to emotional distress, financial losses, and adverse employment actions. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

9.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise, of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter

1    alleged.

2        10.    The agents, servants, and/or employees of the Defendants and each of them acting on

3    behalf of the Defendants acted within the course and scope of his, her or its authority as the agent,

4    servant and/or employee of the Defendants, and personally participated in the conduct alleged herein

5    on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of

6    each Defendant are legally attributable to the other Defendants, and all Defendants are jointly and

7    severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS for the loss

8    sustained as a proximate result of the conduct of the Defendants' agents, servants, and/or employees.

9                                    **THE CONDUCT**

10        11.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was

11    required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked,

12    meaning the time during which an employee is subject to the control of an employer, including all

13    the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF and

14    CALIFORNIA CLASS Members to work without paying them for all the time they are under

15    DEFENDANT's control. Among other things, DEFENDANT requires PLAINTIFF to work while

16    clocked out prior to their scheduled shift. PLAINTIFF was told by DEFENDANT that is common

17    courtesy to begin work 30 minutes prior to clocking in for each scheduled shift to conduct rig

18    checkouts, restock and to prepare for their shift. DEFENDANT engages in the practice of requiring

19    PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock in that

20    DEFENDANT, as a condition of employment, expects these employees to work 30 minutes prior to

21    clocking into DEFENDANT's timekeeping system for the work shift. Fearing losing his job for not

22    complying with DEFENDANT's requirement to work 30 minutes off the clock prior to his

23    scheduled shift, PLAINTIFF arrived at work 30 minutes early prior to his shifts beginning in

24    December 2022. DEFENDANT actively prevents PLAINTIFF and CALIFORNIA CLASS

25    Members from adding to their timecards to ensure accurate payment for all time worked. As a result,

26    PLAINTIFF and other CALIFORNIA CLASS Members forfeit overtime wage compensation and

27

28                                        4
                    **CLASS AND REPRESENTATIVE ACTION COMPLAINT**

off-duty meal and rest breaks by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

12.    Federal law provides that eligible employees be allowed 12 weeks of unpaid, job-protected leave per year for certain qualifying reasons, including serious health conditions that prevent the employee from performing their job pursuant to 29 U.S.C. § 2612. On or about March 17, 2023, PLAINTIFF's doctor advised him to undergo emergency wisdom teeth surgery, requiring immediate medical leave. Despite this urgent medical necessity, DEFENDANT's policy requiring paid time off ("PTO") requests to be submitted 30 days in advance posed a significant barrier to PLAINTIFF's ability to address his health needs. When PLAINTIFF informed DEFENDANT of his medical emergency and requested to use his accrued PTO, DEFENDANT denied the request and directed PLAINTIFF to find replacements for his scheduled shifts. DEFENDANT further informed PLAINTIFF that he would be required to work his scheduled shifts if replacements could not be secured. In response, PLAINTIFF diligently attempted to arrange for shift replacements but was unable to secure coverage for all shifts. Acknowledging the urgency of his medical situation, PLAINTIFF submitted a doctor's note and a request for a medical leave of absence to DEFENDANT's administration. PLAINTIFF was on medical leave from March 18, 2023 until March 31, 2023. However, DEFENDANT failed to officially approve PLAINTIFF's leave until April 20, 2023, leaving PLAINTIFF in a state of distress and fear of losing his job due to his emergency medical situation. On or about May 8, 2023, PLAINTIFF discovered that approximately 90 hours had been deducted from his PTO accrual without receiving any payment for the time he was on medical leave. Despite his efforts to resolve the issue with DEFENDANT's administration, PLAINTIFF had to seek assistance from the union to secure compensation for his medical leave. DEFENDANT ultimately compensated PLAINTIFF for the medical leave nearly two months late, exacerbating his financial and emotional distress caused by DEFENDANT's failure to comply with

federal and state law.

13.    DEFENDANT from time to time failed to pay PLAINTIFF within seven days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d).

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over this Action pursuant to Cal. Code of Civ. Proc. § 410.10 and Cal. Bus. & Prof. Code §17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

15.    Venue is proper in this Court pursuant to Cal. Code of Civ. Proc. §§ 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in Santa Barbara County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

16.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning three (3) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is more than five million dollars ($5,000,000.00).

17.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

18.    DEFENDANT, as a matter of company policy practice and procedure, and in violation

6

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby DEFENDANT required PLAINTIFF and other CALIFORNIA CLASS Members to work off the clock before their shifts, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work, and permitted or suffered to permit this work.

19. DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all time worked as well as meal and rest breaks missed as required by California laws. The DEFENDANT, however, as a matter of policy and procedure, failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law. This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

20. The CALIFORNIA CLASS is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

21. DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

    a. (a) Committing an act of unfair competition in violation of, Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices, and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including overtime wages owed for work performed by these employees; and,

    b. Committing an act of unfair competition in violation of the UCL by failing to pay for all time worked by the PLAINTIFF and the other members of the

CALIFORNIA CLASS.

22.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

a.   The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

b.   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply to every member of the CALIFORNIA CLASS;

c.   The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to compensate the CALIFORNIA CLASS for all time worked and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

d.   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

8

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

23. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

   a. Without class certification and determination of declaratory, injunctive, statutory, and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

      i. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or

      ii. Adjudication with respect to individual members of the CALIFORNIA CLASS which would, as a practical matter, be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

   b. The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

      i. With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because, through this claim, PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

   c. Common questions of law and fact exist as to the members of the CALIFORNIA

9

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

i.  The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

ii.  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

1.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

2.  Adjudications with respect to individual members of the CALIFORNIA CLASS would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

iii.  In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through representative; and,

iv.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

24.  This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

a.  The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

b.  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

c.  The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

d.  PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

e.  There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations, and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA

CLASS;

    f.   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

    g.   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

    h.   The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

    i.   Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

25.   DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices, and procedures as alleged herein. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

26.   PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANTS in California, including any employees staffed with DEFENDANTS by a third party, and classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is over five million dollars ($5,000,000.00).

27.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

28.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

29.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

30.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

   a.    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS required to work off the clock in violation of the California Labor Code and California regulations and the applicable California Wage Order;

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

b.  Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

c.  Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

d.  The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

e.  Whether DEFENDANT's conduct was willful.

31.  DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

a.  Violating Cal. Lab. Code § 510, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

b.  Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

c.  Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks; and

d.  Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California

14

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

32.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

a.    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

b.    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

c.    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

d.    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the

members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members

33.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

a.   Without class certification and determination of declaratory, injunctive, statutory, and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

i.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

ii.   Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

b.   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

c.   Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

i.   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

ii.   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

1.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

2.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

iii.   In the context of wage litigation, because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a

representative; and

    iv.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

34. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    a.  The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

    b.  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

    c.  The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

    d.  PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

    e.  There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and

18

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

f.   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

g.   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

h.   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

i.   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

///

///

35.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

19

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

36. DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

37. California Business & Professions Code §§ 17200, *et seq*. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

38. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

39. By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

40. By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal

and rest periods, the required amount of compensation for missed meal and rest periods, and overtime, failed to timely pay wages, and failed to provide Fair Labor Standards Act overtime wages due for overtime worked as a result of failing to compensate for unpaid time worked due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

41.  By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair, and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

42.  By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair, and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

43.  Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, thirty (30) minutes of pay for each workday in which PLAINTIFF and CALIFORNIA CLASS Members were required to work unpaid before their shift.

44.  PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, thirty (30) minutes of pay for each workday in which PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required to work unpaid before their shift.

45.  By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money, and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment

21
**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

46. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive, and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

47. PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

48. PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair, and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

49. PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure to Pay Overtime Compensation

### [Cal. Lab. Code § 510]

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

50. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

51. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

52. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

53. Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law. For certain twenty-four (24)-hour shifts, ambulance drivers and attendants who are subject to IWC Wage Order 5 or IWC Wage Order 9 may be paid for up to thirteen (13) hours in a single shift of their regular rate of pay. This exemption of overtime pay does not apply to California requirement of overtime pay for more than forty (40) hours in a workweek.

54. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

55. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted, or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

56. DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

57. In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded total time worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

58. Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waivable rights provided by the State of California.

59. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for overtime worked than they were entitled to, constituting a failure to pay all earned wages.

60.  DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198 and IWC Wage Order 5 or IWC Wage Order 9, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

61.  By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

62.  DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice, and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

63.  In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

64. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional, and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB- CLASS Members are entitled to seek and recover statutory costs.

### THIRD CAUSE OF ACTION

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

65. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

66. During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. As a result of DEFENDANT's policy requiring unpaid work before the start of each shift, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members did not receive the appropriate number of meal breaks as required by law.

67. As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with

1   DEFENDANT's corporate policy and practice.

2   68.  DEFENDANT further violates California Labor Code §§ 226.7 and the applicable

3   IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

4   Members who were not provided a meal period, in accordance with the applicable Wage Order, one

5   additional hour of compensation at each employee's regular rate of pay for each workday that a

6   meal period was not provided. As a proximate result of the aforementioned violations, PLAINTIFF

7   and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to

8   proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

9   **FOURTH CAUSE OF ACTION**

10   **For Failure to Provide Required Rest Periods**

11   **[Cal. Lab. Code §§ 226.7 & 512]**

12   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

13   69.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

14   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of

15   this Complaint.

16   70.  As a result of DEFENDANT's policy requiring unpaid work by PLAINTIFF before

17   each shift, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically

18   denied their proper rest periods by DEFENDANT and DEFENDANT's managers. DEFENDANT

19   further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to

20   compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not

21   provided a rest period, in accordance with the applicable Wage Order, one additional hour of

22   compensation at each employee's regular rate of pay for each workday that rest period was not

23   provided. As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA

24   LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and

25   seek all wages earned and due, interest, penalties, expenses and costs of suit.

26   **FIFTH CAUSE OF ACTION**

27

28

27

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

71.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

72.   Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,   (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay

period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.   Due to DEFENDANT's failure to allow PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members the ability to clock and record their time performing work prior to their scheduled shifts, DEFENDANT has failed to provide compliant itemized statements. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 et seq. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

73.   DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## SIXTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

**[Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

74.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

75.   Cal. Lab. Code § 200 provides, in relevant part, that:
As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

76.   Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

77.   Cal. Lab. Code § 202 provides, in relevant part, that:
If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

78.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

79.   Cal. Lab. Code § 203 provides, in relevant part, that:
If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

80.   The purpose of Section 203 is to make sure that employers provide prompt payment of wages. (See *Triad Data Services Inc. v. Jackson* (1984) 153 Cal.App.3d supp. 1.) DEFENDANT

failed to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS for the thirty (30) minutes they performed work prior to being allowed to clock in, resulting in unpaid wages that have not been timely paid for more than thirty (30) days.

81.   Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## SEVENTH CAUSE OF ACTION

**For Violation of the Private Attorneys General Act**

**[Cal. Lab. Code §§ 2698, et seq.]**

**(By PLAINTIFF and Against All Defendants)**

82.   PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

83.   PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.  An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.  The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.  In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

84.   PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act,

brings this Representative Action on behalf of the State of California with respect to himself and all individuals who are or previously were employed by DEFENDANTS in California, including any employees staffed with DEFENDANTS by a third party, and classified as non-exempt employees ("AGGRIEVED EMPLOYEES") during the time period of March 14, 2022 until a date as determined by the Court (the "PAGA PERIOD").

85.    October 21, 2024, PLAINTIFF gave written notice by electronic mail to the Labor and Workforce Development Agency (the "Agency") and by certified mail to the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3. *See* **Exhibit #1**, attached hereto and incorporated by this reference herein (*PAGA Notice only without draft complaint*).  The statutory waiting period for PLAINTIFF to add these allegations to the Complaint has expired. As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

86.    The policies, acts and practices heretofore described were and are an unlawful business act or practice because DEFENDANT (a) failed to provide PLAINTIFF and the AGGRIEVED EMPLOYEES accurate itemized wage statements, (b) failed to properly record and provide legally required meal and rest periods, (c) failed to pay overtime wages,  and (d) failed to provide wages when due all in violation of the applicable Labor Code sections listed in Labor Code §§ 201, 202, 203, 204 et seq., 210, 218, 221, 226(a), 226.7, 227.3, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), California Code of Regulations, and the applicable Wage Order(s) and thereby gives rise to civil penalties as a result of such conduct.  PLAINTIFF hereby seeks recovery of only civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFF and the AGGRIEVED EMPLOYEES.

87.    All of the conduct and violations alleged herein occurred during the PAGA PERIOD. To the extent that any of the conduct and violations alleged herein did not affect PLAINTIFF during

the PAGA PERIOD, PLAINTIFF seeks penalties for those violations that affected the AGGRIEVED EMPLOYEES pursuant to *Carrington v. Starbucks Corp*. 30 Cal.App.5th 504 (2018).

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

    A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B) An order temporarily, preliminarily, and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C) An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and

    D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A) That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B) Compensatory damages, according to proof at trial, including compensatory damages for unpaid wages and overtime compensation due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which

33
**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D) Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

E) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197; and

F) The wages of all employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.  On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

A) Recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004; and,

B) An award of attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §2699.

4.  On all claims:

A) An award of interest, including prejudgment interest at the legal rate;

B)  Such other and further relief as the Court deems just and equitable; and,

C) An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

DATED: April 16, 2025

**MYERS, WIDDERS, GIBSON, JONES & FEINGOLD, LLP**

By:  _____
Monique L. Fierro
*Attorneys for Plaintiff*

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all class claims and causes of action in this lawsuit.

DATED: April 16, 2025

**MYERS, WIDDERS, GIBSON,
JONES & FEINGOLD, LLP**

By: _____

Monique L. Fierro
*Attorneys for Plaintiff*

35
**CLASS AND REPRESENTATIVE ACTION COMPLAINT**